DAVID M. IVESTER (State Bar No. 76863)
ANNE C. ARNOLD (State Bar No. 233412)
BRISCOE IVESTER & BAZEL LLP
155 Sansome Street, Seventh Floor
San Francisco, CA 94104
MAIN (415) 402-2700
FAX (415) 398-5630
aarnold@briscoelaw.net

Attorneys for Plaintiff
ROBERT KOSHMAN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT KOSHMAN,<br><br>Plaintiff,<br><br>v.<br><br>TOM VILSACK, U.S. Secretary of Agriculture, in his official capacity; UNITED STATES DEPARTMENT OF AGRICULTURE; DAVID WHITE, Chief of U.S.D.A. Natural Resource Conservation Service, in his official capacity; U.S.D.A. NATURAL RESOURCE CONSERVATION SERVICE; JONATHAN COPPESS, U.S.D.A. Farm Service Agency Administrator, in his official capacity; U.S.D.A. FARM SERVICE AGENCY,<br><br>Defendants. | Case No. _____<br><br>**COMPLAINT** |

Plaintiff Robert Koshman, by and through counsel, and for his Complaint against Defendants, states as follows:

**INTRODUCTION**

1. In this action for declaratory and injunctive relief, Plaintiff challenges the United States Department of Agriculture ("USDA") and agencies under its jurisdiction for erroneously determining that Plaintiff "converted" a wetland within the meaning of the Food Security Act, section 3801(a)(7)(A) of title 16 of the U.S. Code, and that he therefore is ineligible for certain USDA program benefits.

0189\001\18604 v1

1

## PARTIES

2. Plaintiff Robert Koshman is an individual residing in Placer County, California, where he has for decades farmed land once owned by his parents and later owned by him. In the course of such farming, Plaintiff has been entitled to, and has obtained, various USDA program benefits.

3. Defendant Tom Vilsack is the Secretary of Agriculture and as such directs all aspects of the Defendant USDA's operation. He is sued in his official capacity.

4. Defendant USDA is the federal agency in charge of agriculture related programs, including the wetland conservation and farm subsidy programs under the Food Security Act, which are administered jointly by Defendant Natural Resource Conservation Service ("NRCS") and Defendant Farm Service Agency ("FSA").

5. Defendant David White is the Chief of Defendant NRCS and as such directs all aspects of Defendant NRCS's operation. He is sued in his official capacity.

6. Defendant NRCS is the federal agency in charge of pertinent aspects of the wetland conservation and farm subsidy programs under the Food Security Act.

7. Defendant Jonathan Coppess is the Administrator of Defendant FSA and as such directs all aspects of Defendant FSA's operation. He is sued in his official capacity.

8. Defendant FSA is the federal agency in charge of pertinent aspects of the wetland conservation and farm subsidy programs under the Food Security Act.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over Plaintiff's claims pursuant to section 706 of title 5 of the United States Code (Administrative Procedures Act), which authorizes federal courts to review agency actions, and section 1331 of title 28 of the United States Code, which authorizes federal courts to decide questions of federal law.

10. This Court also has jurisdiction over this action pursuant to sections 1346(a)(2) (pertaining to civil actions against the United States), 2201 (pertaining to declaratory relief), and 2202 (pertaining to injunctive relief) of title 28 of the United States Code and section 6999 (pertaining to review of final determinations of the USDA National Appeals Division) of title 7 of

BRISCOE IVESTER &
BAZEL LLP
155 SANSOME STREET
SEVENTH FLOOR
AN FRANCISCO CA 94104
(415) 402-2700

0189\001\18604 v1

2

1  the United States Code.

2  11.  Venue is properly vested in this Court under section 1391(b)(2) and (e)(2) of title 28
3  of the United States Code.

**FACTUAL ALLEGATIONS**

12.  Plaintiff has farmed, managed, and maintained agricultural fields in southwestern Placer County, California, in a condition that allows for rice production for more than fifty years. Among those are fields known as Fields 7, 7a, and 8a of Farm Number 1180 in Tract 908 of Placer County, California. These fields were leveled in the mid-1900s to facilitate the growing of rice, and rice has regularly been grown on these fields in the decades since. In 2002 and 2003, Plaintiff again leveled these fields in order to facilitate conserving water in the process of growing rice.

13.  On November 7, 2003, Defendant NRCS notified Plaintiff of its "preliminary determination" that his leveling of the fields violated provisions of the Food Security Act. Under the Act (16 U.S.C. § 3821(c)), generally those who "convert" a wetland after November 28, 1990, to make agricultural production possible are thereafter ineligible for certain USDA program benefits.

14.  Plaintiff requested that the NRCS reconsider its determination, contending that his sustainable farming practices on fields that had previously been manipulated and on which rice had long been produced did not result in a "converted wetland," defined as a "wetland that has been drained, dredged, filled, leveled, or otherwise manipulated (including any activity that results in impairing or reducing the flow, circulation, or reach of water) for the purpose or to have the effect of making the production of an agricultural commodity possible if – (i) such production would not have been possible but for such action, and (ii) before such action – (I) such land was wetland . . . ." (16 U.S.C. § 3801(a)(7)(A).)

15.  On January 16, 2004, Defendant NRCS issued its decision that the leveling of the fields resulted in a conversion of wetlands, which "will affect [Plaintiff's] eligibility for USDA benefits."

16.  Plaintiff timely appealed this decision to Defendant FSA, which on February 25, 2004, upheld the wetland conversion decision.

17.  Plaintiff timely appealed this decision to Defendant USDA's National Appeals

BRISCOE IVESTER &
BAZEL LLP
155 SANSOME STREET
SEVENTH FLOOR
SAN FRANCISCO CA 94104
(415) 402-2700

0189\001\18604 v1

Division. The National Appeals Division Hearing Officer reopened the record to determine whether Defendant FSA acted in accordance with its controlling regulations and conducted an examination of whether rice was produced in previous years on the fields and whether the moving of soil by laser leveling made production of an agricultural commodity "possible."

18. On June 24, 2004, Defendant USDA's National Appeals Division determined that the FSA decision was in error, stating: "Appellants' laser leveling was not manipulation that made rice production 'possible' because rice production was already possible as early as 1962. 7 C.F.R. § 12.2 defines a farmed wetland as a 'wetland that prior to December 23, 1985, was manipulated and used to produce an agricultural commodity.' Section 12.32(b)(2) provides 'a wetland shall not be considered to be converted if such land is correctly identified as farmed wetland.' Appellants' field numbers 7, 7a and 8a were correctly established by NRCS as FW [i.e., farmed wetland] because these fields were not only farmed prior to the FSA of 1985, but were also leveled in 1992."

19. On July 9, 2004, Defendant NRCS requested Director review of the National Appeals Division decision, and on July 23, 2004, Defendant FSA also requested Director review.

20. On August 25, 2004, the Director of the National Appeals Division reversed the National Appeals Division's earlier decision, and upheld Defendant FSA's decision that Plaintiff converted wetlands. The Director rested this decision on the explanation that Plaintiff's farming activities had made the fields "more farmable."

21. Plaintiff timely sought reconsideration of the Director's determination, arguing that the Director's reasoning that Plaintiff's leveling of the fields made them "more farmable" was contrary to the statute and regulations because neither contained such a standard. The reconsideration request was denied November 30, 2004.

22. In June 2005, FSA sought collection of past farm subsidy benefits from Plaintiff, plus interest and in its letter wrote as follows: "If you recently sold the property, and did not restore the converted wetland before it was sold, all persons involved in the violation will remain permanently ineligible for any USDA benefits."

23. Plaintiff has fully complied with all procedural requirements of Defendants, and no further right of review or appeal or other remedy before Defendants is available to Plaintiff. Plaintiff

BRISCOE IVESTER &
BAZEL LLP
155 SANSOME STREET
SEVENTH FLOOR
AN FRANCISCO CA 94104
(415) 402-2700

0189\001\18604 v1

4

thus has exhausted his administrative remedies.

## FIRST CAUSE OF ACTION

24. All preceding paragraphs of this Complaint are realleged as though set forth in full here.

25. Congress defined "converted wetland" in section 3801(a)(7)(A) of title 16 of the U.S. Code to mean:

> wetland that has been drained, dredged, filled, leveled, or otherwise manipulated (including any activity that results in impairing or reducing the flow, circulation, or reach of water) for the purpose or to have the effect of making the production of an agricultural commodity possible if—
>
> (i) such production would not have been possible but for such action; and
> (ii) before such action—
>     (I) such land was wetland . . . .

26. The NRCS defined "converted wetland" in section 12.2(a) of title 7 of the Code of Federal Regulations to mean:

> a wetland that has been drained, dredged, filled, leveled, or otherwise manipulated (including the removal of woody vegetation or any activity that results in impairing or reducing the flow and circulation of water) for the purpose of or to have the effect of making possible the production of an agricultural commodity without further application of the manipulations described herein if:
> (i) Such production would not have been possible but for such action, and
> (ii) Before such action such land was wetland, farmed wetland, or farmed-wetland pasture

27. Before 2002, production of rice, an agricultural commodity, was possible on fields 7, 7a, and 8a and, indeed, Plaintiff regularly produced rice on the fields. Plaintiff's leveling of the fields in 2002 and 2003 did not make possible the production of an agricultural commodity where it would not have been possible but for the leveling.

28. Defendants, nonetheless, determined that Plaintiff had, by leveling the fields, converted wetlands. Defendants based this determination not on a finding that the leveling had made possible the production of rice where previously it had not been possible; indeed, Defendants admitted that production of rice on the fields was possible before the leveling. Rather, Defendants based their determination on a finding that the leveling rendered the fields "more farmable."

0189\001\18604 v1

29. In doing so, Defendants acted arbitrarily and capriciously and not in accordance with the law and abused their discretion.

30. In doing so, Defendants also acted in excess of their statutory jurisdiction and authority.

31. In doing so, Defendants also made findings and took actions that were unwarranted by the facts and unsupported by substantial evidence.

32. As a result of the actions of Defendants, Plaintiff has suffered loss, damages, and injury in an unascertained but substantial amount and will continue to suffer loss, damages, and injury unless and until Defendants' unlawful actions are set aside and remedied.

33. An actual and substantial controversy exists between Plaintiff and Defendants over Defendants' duty to comply with the Food Security Act and the Administrative Procedure Act in its actions with respect to Plaintiff. This case is presently justiciable because Defendants' failure to comply with these laws is the direct result of final agency action that has caused and will continue to cause immediate and concrete injury to Plaintiff. Plaintiff has a vital interest in knowing whether Defendants' actions, to which Plaintiff is subject, are statutorily valid. Declaratory relief is, therefore, appropriate to resolve this controversy.

34. If an injunction does not issue enjoining Defendants from implementing their actions with respect to Plaintiff and basing further and future actions on their current actions, Plaintiff will be irreparably harmed. Plaintiff has no plain, speedy, and adequate remedy at law. If not enjoined by the Court, Defendants will continue to implement their actions with respect to Plaintiff in derogation of Plaintiff's rights. Injunctive relief is, therefore, appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests:

1. That the Court issue a declaratory judgment that Defendants acted arbitrarily and capriciously and not in accordance with the law and abused their discretion, acted in excess of their statutory jurisdiction and authority, made findings and took actions that were unwarranted by the facts and unsupported by substantial evidence, and violated the Food Security Act and the Administrative Procedure Act and their own regulations.

BRISCOE IVESTER & BAZEL LLP
155 SANSOME STREET
SEVENTH FLOOR
AN FRANCISCO CA 94104
(415) 402-2700

0189\001\18604 v1

6

2. That the Court issue an order setting aside Defendants' determinations with respect to Plaintiff's leveling of the fields and eligibility for USDA programs benefits.

3. That the Court issue an injunction enjoining Defendants from implementing their determinations with respect to Plaintiff's leveling of the fields and eligibility for USDA programs benefits.

4. That the Court award Plaintiff his costs, expenses, and attorneys' fees pursuant to the Equal Access to Justice Act, section 2412 of title 28 of the U.S. Code, and any other applicable law.

5. That the Court grant Plaintiff such other and further relief as the Court deems just and proper.

DATED: November 20, 2009            BRISCOE IVESTER & BAZEL LLP


By: /s/ David Ivester
DAVID IVESTER
Attorneys for Plaintiff ROBERT KOSHMAN

BRISCOE IVESTER &
BAZEL LLP
155 SANSOME STREET
SEVENTH FLOOR
SAN FRANCISCO CA 94104
(415) 402-2700

0189\001\18604 v1

7